IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALISON N. ZIRN, as the
Administrator of the Estate
Of MARILYN R. ZIRN
(deceased),

               Plaintiff,

     v.

UNITED STATES OF AMERICA,

               Defendant.

Case No. 21 C 784

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

This is a Federal Tort Claims Act case seeking money damages
for a personal injury and alleged wrongful death. This suit is
brought by Plaintiff Alison Zirn (the "Administrator") regarding
her deceased mother ("Plaintiff"). The Complaint alleges that
Plaintiff suffered a fall caused by the negligence of the United
States Postal Service. (Compl. ¶ 24, Dkt. No. 1.) The fall occurred
on March 30, 2018, at the Highland Park Post Office at 833 Central
Avenue, Highland Park, Illinois. (*Id.* ¶¶ 3, 8.) The Complaint also
alleges that Plaintiff's fall occurred because she tripped over a
misplaced "wet floor" warning cone while trying to open a
malfunctioning automatic door. (*Id.* ¶¶ 17—18.) Apparently,
Plaintiff was attempting to maneuver around the warning cone and

trying to open the non-functioning door when she tripped and fell. (*Id.*) As a result, she suffered several fractures and a displacement of a ventricular shunt. (*Id.* ¶ 25.) The Administrator contends that these injuries caused Plaintiff to lose the ability to be independent or mobile, and to be confined to a nursing home. (*Id.*) She further argues that these injuries caused or contributed to Plaintiff's death. (*Id.*)

The Postal Service has moved for summary judgment contending (1) that the Administrator lacks any evidence that the cone was blocking the entranceway or that the automatic door was not functioning properly and the available evidence is to the contrary; (2) that the condition alleged, *i.e.*, a manually operating door and a bright yellow safety cone do not constitute a hazard; (3) the alleged condition of the entranceway would have been open and obvious; (4) there was no actual or constructive notice of a dangerous condition; and (5) there is no evidence of a proximate cause.

Defendant supports its Motion with, among other things, two declarations. The first is from the Postmaster, not present at the time of the fall, who testified that the Postal Service has no records of any problems observed, complaints made, or repairs performed to the automatic doors in question in the six (6) months prior or the six (6) months after March 30, 2018. (Schroth Decl.

- 2 -

¶¶ 12—13, Mot., Ex. 1, Dkt. No. 15-1.) He further testified that the accident report filed at the time of the fall did not document any problem with the functioning of the door, and if there had been a problem it was the Postal Service's practice to document any such problem. (*Id.* ¶¶ 5—10.) The second declaration was from Charles Murphy, a Postal Service customer, who witnessed the Plaintiff fall. (Murphy Decl. ¶ 2, Mot., Ex. 5, Dkt. No. 15-1.) He did not observe anything that might have caused her to fall. (*Id.*) He further testified that when he entered the post office shortly before Plaintiff the pathway through the doors was clear and was not blocked by a safety cone or anything else. (*Id.* ¶ 3.)

The Administrator in response relies upon the history taken at admission to the Highland Park Hospital where Plaintiff is alleged to have told the Emergency Room attendant that "she fell at the post office tripping on wet floor placard." (Med. Recs. at 6, Mem., Ex. A, Dkt. No. 20-1.) Plaintiff was also alleged to have told her daughter that "she felt that it was the fault of the post office because there was some kind of cone or something that prevented the door from opening – the electric door from opening properly." (Zirn Dep. 12:2—7, Mem., Ex. E, Dkt. No. 20-3.) The Administrator also responds to the lack of notice argument by arguing that the notice is not required if the substance that

caused the fall was placed there through the Defendant's negligence.

## II.  DISCUSSION

In this FTCA case, Illinois tort law governs. 28 U.S.C. §§ 1346(B)(1) ABD 2674; *White v. United States*, 148 F.3d 787, 793 (7th Cir. 1998). The case law requires that a claimant must first establish a dangerous condition and that defendant either created it or had notice of it. It is hard to see where a bright yellow safety cone could constitute a dangerous condition or that Defendant had notice of that a safety cone was dangerous. The very nature of a safety cone is the opposite of a dangerous condition. The only evidence of the involvement of a safety cone was Plaintiff's statement made to the Emergency Department which is probably hearsay under Federal Rule of Evidence 803(4). Statements made in a medical history that pertain to fault and not pertinent to medical treatment are not exceptions to the hearsay rule. *Cook v. Hoppin*, 783 F. 2d. 684, 690 (7th Cir. 1986). In this case, the fact that Plaintiff tripped on a "wet floor placard" does not appear to be necessary for the determination of medical treatment. It is also relevant that Plaintiff did not mention any difficulty with the automatic door in her hospital statement.

The Administrator argues that if the cause of the fall was an object or substance that was placed there by an employee then she

- 4 -

need not prove notice. While this is true if it is a foreign substance that creates a dangerous condition, it does not apply to articles such as safety cones which are neither foreign substances nor dangerous. It would not make sense to hold that the existence of a safety cone could be held to constitute negligence by its very existence. While one could hypothesize a situation where a safety cone could be a hazard, such as being pushed in front of a customer to trip her, in those instances the proprietor would have had to have notice of such potential. Here there is no such evidence. In fact, the bystander testified that there was no safety cone blocking the entrance way when he had entered moments before Plaintiff did. Assuming, for instance, it was kicked over after his entrance and prior to Plaintiff's entrance, there would be no notice to the Postal Service. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038-1039 (7th Cir. 2016).

The Administrator makes several other arguments which include producing a video of the doors opening into the Post Office that she had taken at some unknown later date. (Def.'s Resp. to Pl.'s Stmt. of Material Facts ¶ 8, Dkt. No. 27.) The video has not been authenticated and apparently not taken near the date of the accident so it would have no relevance. (*Id.*); *Brama v. Target Corporation*, No. 14 C 6098 WL 5536835 at * 6 (N.D. Ill. Oct. 25, 2019). Statements of Plaintiff to her daughter concerning the cause

of the fall would also be hearsay and inadmissible. FED. R. EVID. 801.

### III.   CONCLUSION

There being no evidence of any negligence on the part of the Postal Service, the Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

_____
      Harry D. Leinenweber, Judge
      United States District Court

Dated: 10/18/2022

- 6 -